**Dustin MEYER, a Minor, by His Next
Friend, Lauren Heather MEYER,
Appellant,**

v.

**ASTRAZENECA
PHARMACEUTICALS, L.P.,
Respondent.**

**No. ED 87782.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 2007.

Application for Transfer to Supreme Court
Denied May 16, 2007.

Application for Transfer Denied
June 26, 2007.

James Lemonds, Michael Gross, Joseph Yeckel, St. Louis, MO, for appellants.

Steven Schwartz, Robert Rosenthal, Thomas Ward, St. Louis, MO, Richard Josephson, Earl Austin, Stephen Calvert, Houston, TX, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

Dustin Meyer (Dustin), by Next Friend Lauren Heather Meyer, appeals a jury verdict in favor of defendant AstraZeneca Pharmaceuticals L.P. (AstraZeneca) on Dustin's product liability claim. We affirm.

### Facts

On 16 April 1991, Dustin, then 18 months old, was brought to Children's Hospital after he ingested hair dye, which aspirated into his lungs. In order to keep Dustin comfortable and immobile, physicians gave Dustin a sedative called Diprivan, which is generically known as propofol. Diprivan was sold by ICI Pharmaceuticals, which is AstraZeneca's predecessor. While hospitalized, Dustin's lungs filled with fluid, and he developed Acute Respiratory Distress Syndrome, which led to cardiac arrest and left Dustin with permanent brain damage.

Dustin filed a Petition against AstraZeneca, and other parties—with which he has settled and which are not parties to this appeal. Dustin alleged that AstraZeneca sold propofol in the course of its business, that propofol was then in a defective condition and, because of an inadequate warning, was unreasonably dangerous when put to a reasonably anticipated use, and thus caused Dustin's brain damage.

The case was tried before a jury in the Circuit Court of the City of St. Louis, the Honorable Michael B. Calvin presiding. The Court gave a failure to warn verdict director, and an instruction in compliance with Section 537.764 RSMo (2000), state of the art. Instruction No. 11, about which complaint is made, stated: "Your verdict must be for defendant AstraZeneca if you believe the dangerous nature of propofol was not known and could not reasonably be discovered at the time the propofol was placed into the stream of commerce." The jury found in favor of AstraZeneca.

## Standard of Review

 Whether or not a jury was properly instructed is a question of law. *Romeo v. Jones*, 144 S.W.3d 324, 330 (Mo. App. E.D.2004). We review the evidence in the light most favorable to submission of the instruction. *Egelhoff v. Holt*, 875 S.W.2d 543, 548 (Mo. banc 1994). An instruction must be given when there is substantial evidence to support the issue submitted. *Romeo* at 330. Substantial evidence is evidence which, if true, is probative of the issues and from which the jury can decide the case. *Id.* A party is *entitled* to an instruction on any theory supported by the evidence. *Id.*

## Discussion

 Dustin argues that the Court erred when it overruled his objection to Instruction No. 11. Dustin asserts that this instruction was not supported by the evidence and was therefore likely to confuse or mislead the jury. Dustin claims the evidence failed to establish AstraZeneca's inability to know and recognize the danger of propofol. Finally, Dustin claims the evidence established that AstraZeneca knew that: 1) children's hospitals were purchasing propofol; 2) propofol was being used on pediatric intensive care patients;

and 3) more than 40 adverse events from the use of propofol in children in intensive care were reported before Dustin's hospitalization.

This appeal challenges the submission of Instruction No. 11 to the jury. As such, if there was substantial evidence in support of the instruction—even if there is also evidence to the contrary—then the instruction was properly submitted, and the jury's verdict must stand. See *Romeo v. Jones, supra.*

At trial, Dustin introduced evidence of studies that evaluated the potential link between propofol and injuries or deaths in pediatric intensive care patients: the Pepperman Study, AstraZeneca clinical trial 68, and AstraZeneca clinical trial 56. The first of these studies was done in 1997—six years after Dustin received propofol. Contrawise, Drs. Zaloga (Tr. 1116–27), Blumer (Tr. 1206), and Goodale (Goodale Dep. 76–78) testified that these studies showed that propofol was actually as safe as or safer than other sedatives.

Dustin also introduced evidence of a study published by Dr. Bray in 1998. In this study, Dr. Bray asserted that the use of propofol in pediatric intensive care patients can result in adverse health effects, known as "propofol infusion syndrome." However, Dr. Berkenbosch testified at trial that, in 1991, there was no information on this syndrome.

In addition, Dr. Zaloga testified that he reviewed the adverse event reports and concluded that they were not related to propofol. Tr. 1102–05. Dr. Weldon testified that "[i]t wasn't until the mid-'90s that anybody raised any concern about propofol." Tr. 700. The overwhelming opinion was that propofol is the safest sedative for chronically injured infants.

On the basis of a substantial body of testimony in regard to the nature of propo-

fol in 1991, we cannot find error in the Circuit Court's submission of Instruction No. 11. Instruction No. 11 was supported by substantial evidence and was properly submitted.

The judgment is affirmed.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.